UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-CR-378-3 (TJK) |
| | : | |
| EDWARD GEORGE, JR. | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT EIGHT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this opposition to the Defendant's Motion to Dismiss Count Eight of the Second Superseding Indictment (the "Indictment"). ECF No. 170.

Contrary to Defendant's assertion, the Indictment is not defective. The Indictment sets forth "a plain, concise, and definite written statement of the essential facts constituting the offense charge" and it specifies all of the elements of the offense. For the reasons explained herein, the Indictment is constitutionally sound and there is no basis to dismiss Count Eight. To the extent that Defendant requires further specificity of the criminal conduct at issue in Count Eight, the proper procedural mechanism[1] is a motion for a bill of particulars—not a motion to dismiss—and the government has provided information that moots any need for a bill of particulars.

As noted in the government's filing on April 26, 2024 (ECF 179), the parties met and conferred, and the government provided the specific time and location of the assault by Defendant George (*i.e.*, Senate Carriage Door at approximately 2:18 p.m.), including materials presented to the grand jury. The government has further provided the name of the officer assaulted, identified

---

[1] An alternative practical mechanism is to meet and confer.

here as Officer J.J. and the government has identified multimedia of the incident to the Defendant. It is the government's understanding from communications with defense counsel that this information has adequately informed the Defendant, with specificity, of the charges against him.[2] However, defense counsel has respectfully informed government counsel that it maintains that the Indictment is infirm and can only be cured by superseding to add specificity to the Indictment. For the reasons set forth herein, the government disagrees and maintains that the motion to dismiss should be denied.

## LEGAL PRINCIPLES

Federal Rule of Criminal Procedure 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." To fairly inform the defendant of the charges against him, the indictment must contain allegations of "the very core of criminality" under the statute(s) with which he is charged. *See, e.g.*, *United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018), citing *Russell v. United States*, 369 U.S. 749, 764 (1962). An indictment is sufficient under the Constitution and Rule 7 if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *Williamson*, 903 F.3d at 130. "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v.*

---

[2] The parties do not seek the Court's adjudication of the adequacy of the information provided at this time. Should the parties require intervention by the Court, the parties will raise the issue at the appropriate time.

*Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

"A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *Butler*, 822 F.2d at 1193. A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193; see *United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant

with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

Here, Count Eight alleges that the Defendant did "forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government[], and any person assisting such an officer and employee, while such officer or employee was engaged in and on account of the performance of official duties…" The language provides the Defendant with notice of the charges against him and the ability to later plead a double-jeopardy defense if necessary.

## **ARGUMENT**

Because the Indictment as filed is sufficient to apprise Defendant George of the charges against him and to protect against a successive prosecution, the Court should decline to dismiss it. To the extent that additional specificity is necessary, the additional specificity has been provided through discovery and also set forth in this filing.

I.  <u>The Name of an Officer-Victim Is Not Required.</u>

The Indictment here is not invalid or constitutionally infirm. Defendant George complains that the Indictment does not provide the name of the victim. An indictment need not provide the name of the victim because, among other things, the name of the victim is not an element of the offense. *See United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient."). For example, in *United*

States v. Melendez-Colon, 417 Fed. App'x 320, 321-322 (4th Cir. 2011) (per curiam) (unpublished), the Fourth Circuit held that an indictment charging two counts of assault was not defective for "fail[ing] to name the victim in either count," and "that the indictment's failure to name the victims will not preclude [the defendant] from raising double jeopardy as a defense to any future prosecutions for the assaults." In *United States v. Figueroa*, No. 14-00672 (SRC), 2021 WL 1661202, at *9 (D.N.J. 2021), another prosecution under Section 111(a)(1), the court rejected a similar Rule 12 argument. The court there found that the indictment was sufficiently specific insofar as it had identified the assault victim as "an employee of the United States, namely Victim 2, an employee of the United States National Park Service." *Id.* It is the status of the victim, and not the victim's name, that is the element of the offense.[3]

The Indictment here identifies the victim as "an officer and employee of the United States, and of any branch of the United States Government[], and any person assisting such an officer and employee." ECF 72 at 4. Such identification sufficiently meets the threshold required for an indictment and puts the Defendant on fair notice as to the nature of the charges. The assault statute requires that the victim be a federal law enforcement officer engaged in the performance of his official duties (both of which are pled in the Indictment in this case), but nowhere mentions the officer's specific identity. Indeed, the elements of a violation of 18 U.S.C. § 111(b), as provided in *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002), specify that the government must prove that the defendant took certain actions against a federal law enforcement officer, while that officer was performing his official duties, and that the defendant used a dangerous weapon, among others. The identity of the victim is not an essential element. *See id.*

---

[3] *See, e.g., United States v. Gietzen*, No. 22-cr-116 (CJN) (January 6 defendant convicted on several counts of assault under 18 U.S.C. § 111(a) where specific officer victims were not named).

II.     The Indictment Allows the Defendant to Plead Double Jeopardy or Prepare for Trial

Count Eight need not be more specific, for either Rule 12 or Rule 7 purposes, or to provide the Defendant with the ability to mount a double-jeopardy defense. "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation omitted).

Notwithstanding the Defendant's argument that "On or about January 6, 2021" could be read to cover "72 hours" and that "within the District of Columbia" covers "thousands of acres" (ECF 170 at 5), Defendant George cannot persist in his claim that he does not in fact understand the assaultive conduct at the Capitol for which he stands charged. An indictment is sufficient if it "parrot[s] the statutory language and specif[ies] the time and place of the identity of the threatened officer[.]" *United States v. Williamson*, 903 F.3d 124, 130-31 (D.C. Cir. 2018). The government notes that the "time and place" of the indictment in *Williamson* were just as specific as the time and place of the Indictment here—both include solely the date of the offense (with "on or about" language) and the fact that the offense was committed in the District of Columbia. *Compare Williamson*, 903 F.3d at 130, *with* Indictment, Count Eight.

Moreover, the Defendant will be able to point to the entire record in this case, and not just the Indictment, in the event he must mount a double-jeopardy challenge. *See Russell v. United States*, 369 U.S. 749, 770 (1962). As noted at the outset, the government has identified the assault charged in Count Eight. Specifically, Count Eight charges Defendant George with the assault of United States Capitol Police Officer J.J. at approximately 2:18 p.m. in the immediate vicinity of the Senate Carriage Doors. The government has additionally provided the defense in discovery with surveillance video from multiple angles that shows the assault. This detail is not required to

be provided in the Indictment, but it does allow the Defendant to prepare for trial and to mount a later double-jeopardy defense, if necessary. It also obviates the need for a bill of particulars; because "the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193

## CONCLUSION

The Indictment provides a plain, concise statement of the offenses with which the Defendant has been charged. It includes the core criminality of the statute with which he has been charged. When combined with the record in this case, it allows him to mount a double-jeopardy challenge to any successive prosecution. Any additional evidence that the Defendant needs to be ready to meet the charges at trial either has been or will continue to be addressed through discovery, and because the requested information has been provided a bill of particulars is not required. The Defendant's motion to dismiss Count Eight should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By:  /s/ *Jason McCullough*
JASON B.A. MCCULLOUGH
DC Bar No. 998006; NY Bar No. 4544953
ALEXIS J. LOEB
CA Bar No. 269895
MONIKA (ISIA) JASIEWICZ
DC Bar No. 1024941
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
(202) 252-7233
jason.mccullough2@usdoj.gov