UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case No. 21CR-378 (TJK) |
| ) | |
| ) | |
| **EDWARD GEORGE, JR.,** ) | |
| ) | |
| ) | |
| **Defendant,** ) | |
| _____ | |

### DEFENDANT GEORGE'S MOTION FOR CONTINUANCE OF TRIAL

The Defendant, **EDWARD GEORGE, JR.**, by and through undersigned counsel, moves this Court for a continuance of trial currently scheduled for December 9, 2024, and as grounds therefore, the Defendant would show:

### STATEMENT OF FACTS

The Defendant stands accused of the four (4) "standard" misdemeanor offenses, one count of Civil Disorder, a felony punishable by five (5) years, and one count of Assaulting, Resisting or Impeding a Federal Officer, a felony punishable by eight (8) years, all related to the events of January 6, 2021. Trial is currently scheduled for December 9, 2024. The Defendant has been awaiting trial on pretrial release conditions, all of which have been scrupulously complied with. The Defendant seeks a short continuance of trial based upon the recent election of President-elect Trump who has repeatedly vowed to pardon January 6 defendants like him. Prior to

filing the instant motion, undersigned counsel contacted AUSA Jason McCullough, counsel for the government, who states that the government is opposed to this motion.

## LEGAL ARGUMENT

On November 5, 2024, Donald Trump won the 2024 presidential election in a landslide. By all accounts, the election was free of fraud or "rigging." Consequently, on January 20, 2025, power will be peacefully transferred to him and Donald Trump will then be sworn in as the 47th President of the United States.

Under Article II, Section 2, Clause 1 of the U.S. Constitution, the president of the United States is authorized by the U.S. Constitution to grant a pardon for federal crimes as charged here. Other forms of the clemency power of the president include the commutation of sentence, remission of fine or restitution, and reprieve.

Pursuant to *Ex Parte Garland*, 71 U.S. 333 (1866), the President's authority to pardon is *unlimited* (except in cases of impeachment), extending to every federal offense known to the law. This presidential power can be exercised either before legal proceedings are taken*, or during their pendency,* or after conviction and judgment.

President-elect Trump has repeatedly vowed to pardon January 6 defendants. He has referred to them as "**unbelievable patriots.**" As early as September 2022, in an interview with conservative Pittsburgh broadcaster Wendy Bell, former

President Trump said — if he becomes president again — he would issue full pardons and an apology to rioters involved in the January 6, 2021, protests at the U.S. Capitol. **"We'll be looking very, very seriously at full pardons because we can't let that happen,"** Trump told Bell. **"And I mean full pardons. To many, an apology. They've been so badly treated."** During an interview with Time Magazine in April of this year, Trump said he would **"absolutely"** consider pardoning every January 6 defendant, although, when pressed, he said **"If somebody was evil and bad, I would look at that differently."** Later, in July while at the National Association of Black Journalists' conference in Chicago, Trump was asked if he would pardon rioters who assaulted police officers during January 6. His response: **"Oh, absolutely I would," "If they are innocent, I would pardon them…they were convicted by a very, very, tough system."** As recently as this September, Trump said during a rally in Wisconsin that he planned to **"rapidly review the cases of every political prisoner unjustly victimized by the Harris regime."**

    History has shown that President Donald Trump is not shy when it comes to exercising his pardon powers and there is clearly no reason to believe he won't do as he says. During his first term of President, Trump pardoned, commuted, or rescinded the convictions of 237 people. Many were controversial. Several were in

his first year in office: Joe Arpaio, pardoned August 25, 2017; Sholom Rubashkin, 27-year prison sentence commuted on December 20, 2017.

George is charged with four misdemeanor and two felony counts. Notably, George is *not* charged with the use of any type of weapon on January 6. The most serious offense alleged is the result of Mr. George allegedly pushing an officer in a crowd of people. Mr. George appears to be a worthy candidate for receipt of a presidential pardon and almost assuredly will receive one once the peaceful transfer of power is complete on January 20, 2025. Like it or not, President-elect Trump will become the President of the United States in in just over two months. He will then be vested with a constitutional power, which he has exercised in the past and has repeatedly vowed to exercise in the future, enabling him to nullify these entire proceedings with the mere stroke of a pen. To have Mr. George stand trial pending that exercise of presidential power, under these unique circumstances, is simply unnecessary and a complete waste of judicial time and resources, particularly where, as here, the Defendant used no weapon nor caused any injury to anybody on that day.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for Edward George, Jr.
Bar No: FL0108
2420 SW 22nd Street
Miami, FL 33145

>305-856-8580
>305-860-4828 FAX
>george@pallaslaw.com.com
>
>By:/s/ *George T. Pallas*
>    GEORGE T. PALLAS, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

>By:/s/ *George T. Pallas*
>GEORGE T. PALLAS, Esq.